**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC, | |
| Plaintiff, | |
| v. | **Case No. 18-cv-5519** |
| NEXGRILL INDUSTRIES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

Plaintiff, Weber-Stephen Products LLC, complains of Defendant, Nexgrill Industries, Inc., as follows:

**NATURE OF CASE**

1.     This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.     This Complaint also includes claims for trademark infringement, trade dress infringement, unfair competition, false designation of origin, and trademark and trade dress dilution arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c); and for Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

**PARTIES**

3.     Plaintiff, Weber-Stephen Products LLC ("Weber"), is a Delaware limited liability company with its principal place of business in Palatine, Illinois.

4.     Weber is a leading worldwide designer, developer, and manufacturer of outdoor grills and accessories sold under the Weber® brand name.

5.    Weber's founder, George Stephen, began making and selling grills under the Weber® name in the 1950s.  Since that time, Weber has developed and introduced numerous revolutionary and iconic products, such that the Weber® name has become one of America's most recognized and trusted brands in outdoor grills.

6.    As a result of its innovative research and development efforts, Weber holds many important patents and other intellectual property rights in the field of outdoor grilling, including rights relating to the Weber Q® grill product line.

7.    Defendant, Nexgrill Industries, Inc. ("Nexgrill"), is a California corporation with its principal executive office in Chino, California.  Nexgrill manufactures and sells outdoor grills and accessories under the Nexgrill® brand name, including the products accused of infringement in this action.

8.    Weber and Nexgrill directly compete with each other for the sale of outdoor grills and accessories in the United States.

### WEBER'S ASSERTED INTELLECTUAL PROPERTY RIGHTS IN THE Q® GRILL

9.    Weber is the owner of the following "Patents-in-Suit":

(1)    United States Utility Patent No. 6,945,774, entitled "Gas Burner With Flame Stabilization Structure," which issued on ("the '774 Patent," attached as Exhibit A);

(2)    United States Utility Patent No. 7,073,429, entitled "Cooking Grate With Grease Control Structures," which issued on July 11, 2006 ("the '429 Patent," attached as Exhibit B);

(3)    United States Utility Patent No. 7,373,875, entitled "Cooking Grate," which issued on May 20, 2008 ("the '875 Patent," attached as Exhibit C);

(4)    United States Utility Patent No. 7,810,484, entitled "Heat Distributing Cooking Grate With Grease Control Structure For A Barbeque Grill,"

which issued on October 12, 2010 ("the '484 Patent," attached as Exhibit D);

(5)     United States Utility Patent No. 7,762,249, entitled "Barbeque Grill With Frame And Mounting Assembly," which issued on July 27, 2010 ("the '249 Patent," attached as Exhibit E);

(6)     United States Design Patent No. D503,582, entitled "Outdoor Barbeque Grill Assembly," which issued on April 5, 2005 ("the '582 Patent," attached as Exhibit F);

(7)     United States Design Patent No. D503,586, entitled "Frame Assembly For A Barbeque Grill," which issued on April 5, 2005 ("the '586 Patent," attached as Exhibit G);

(8)     United States Design Patent No. D503,587, entitled "Hood Surface For A Barbeque Grill," which issued on April 5, 2005 ("the '587 Patent," attached as Exhibit H); and

(9)     United States Design Patent No. D510,680, entitled "Frame Assembly For A Barbeque Grill," which issued on October 18, 2005 ("the '680 Patent," attached as Exhibit I).

10.     Weber has standing to sue and has the right to collect for past damages for infringement of the Patents-in-Suit.  Weber owns all right, title, and interest in and to the Patents-in-Suit, as well as the Weber Q® grill product line covered by the Patents-in-Suit.  Weber has been and continues to be directly injured by Nexgrill's acts of patent infringement.

11.     Weber also owns and has standing to sue for infringement of United States Patent and Trademark Office ("USPTO") Reg. No. 3,987,743 ("the '743 Mark") that consists of a three-dimensional configuration of a portion of the Weber Q® grill design for "barbeque grills."

12.     The '743 Mark is in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

13.     Nexgrill does not have any license or rights to the Patents-in-Suit, the '743 Mark, or any other intellectual property rights of Weber.

3

## JURISDICTION AND VENUE

14.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a)-(b); 15 U.S.C. § 1121; and 28 U.S.C. § 1367.

15.     This Court has general personal jurisdiction over Nexgrill because, among other things, Nexgrill routinely transacts, advertises, and solicits business in this judicial district. Nexgrill, therefore, has continuous and systematic contacts with the State of Illinois such that it could reasonably foresee being brought into court in Illinois.

16.     The Court also has specific personal jurisdiction over Nexgrill because, among other things, Nexgrill is offering to sell, selling, and advertising its Fortress 2-Burner Table Top Grill (Model No. 820-0062) (the "Infringing Products") in such a way as to reach customers in Illinois and this judicial district, including through multiple Costco Wholesale stores located in this district, as well as through its website, https://nexgrill.com/, thus specifically committing acts of infringement in this judicial district which give rise to this lawsuit.  Nexgrill has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois.  Accordingly, the exercise of jurisdiction over Nexgrill comports with the traditional notions of fair play and substantial justice.

17.     Nexgrill is also registered to conduct business in the State of Illinois and has designated an agent for service of process at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

18.     All of Weber's claims further described herein arise out of the same nucleus of operative facts.

4

19. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. UTILITY PATENT NO. 6,945,774

20. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

21. Nexgrill has infringed and continues to infringe the '774 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of the Infringing Products throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '774 Patent by others.

22. By way of example, as shown below, the Infringing Products include every limitation of claim 1 of the '774 Patent – i.e., a gas burner assembly with a burner tube having a plurality of linearly-aligned outlets ports (A) defining a flame region; a slot (B) that provides a standing pilot flame; wherein the slot (B) is proximate to an outlet port (C) and the slot extends beyond the flame region.



23. Nexgrill has infringed and continues to infringe at least claims 1, 5, and 6 of the '774 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including,

5

without limitation, making, using, importing, offering for sale, and selling the Infringing Products in the United States. The Infringing Products contain each and every element of at least claims 1, 5, and 6 of the '774 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

24.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1, 5, 6, 10, 11, and 15 of the '774 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Nexgrill has knowingly and actively induced infringement of at least claims 1, 5, 6, 10, 11, and 15, for example, through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes at least claims 1, 5, 6, 10, 11, and 15 of the '774 Patent. The direct infringers that are being induced by Nexgrill include, without limitation, Nexgrill's customers or end-users that use the Infringing Products, and/or connect the Infringing Products to a fuel source, in the United States.

25.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1, 5, 6, 10, 11, and 15 of the '774 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Infringing Products in the United States and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Infringing Products, which constitute a material part of the patented inventions of claims 1, 5, 6, 10, 11, and 15 of the '774 Patent, which Nexgrill knows are especially made or adapted for use in an infringement of at least claims 1, 5, 6, 10, 11, and 15 of the '774 Patent, and which are not a

staple article of commerce suitable for substantial non-infringing use. The direct infringers for Nexgrill's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Nexgrill's customers or end-users that use the Infringing Products or connect the Infringing Products to a fuel source in the United States.

26.     Nexgrill's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

27.     Weber has complied with 35 U.S.C. § 287 to the extent required by law.

28.     Nexgrill's infringement, contributory infringement, and/or inducement to infringe the '774 Patent has been willful, deliberate, and objectively reckless.

29.     Nexgrill's infringement of the '774 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the '774 Patent, and enjoining Nexgrill from further contributing to and/or inducing infringement of the '774 Patent.

## COUNT II
## INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,073,429

30.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

31.     Nexgrill has infringed and continues to infringe the '429 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of the Infringing

Products throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '429 Patent by others.

32.     By way of example, as shown below, the Infringing Products include every limitation of claim 13 of the '429 Patent – i.e., a grill having a cooking chamber (A) with a gas burner tube (B) having a flame region positioned under a removable cooking grate (C).  The removable cooking grate (C) has a plurality of openings (D) and a plurality of elongated members (E) that define a cooking surface.  The removable cooking grate (C) also has an upper grease control assembly (F) and a lower grease control assembly (G) that direct grease away from the gas burner tube (B).



33.     Nexgrill has infringed and continues to infringe at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling the Infringing Products in the United States.  The Infringing Products contain each and

every element of at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

34.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Nexgrill has knowingly and actively induced infringement of at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33, for example, through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent. The direct infringers that are being induced by Nexgrill include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

35.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Infringing Products in the United States and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Infringing Products, which constitute a material part of the patented inventions of claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent, which Nexgrill knows are especially made or adapted for use in an infringement of at least claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Nexgrill's contributory infringement under 35 U.S.C. § 271(c)

9

include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

36.     Nexgrill's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

37.     Weber has complied with 35 U.S.C. § 287 to the extent required by law.

38.     Nexgrill's infringement, contributory infringement, and/or inducement to infringe the '429 Patent has been willful, deliberate, and objectively reckless.

39.     Nexgrill's infringement of the '429 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the '429 Patent, and enjoining Nexgrill from further contributing to and/or inducing infringement of the '429 Patent.

## COUNT III
## INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,373,875

40.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

41.     Nexgrill has infringed and continues to infringe the '875 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of the Infringing Products throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '875 Patent by others.

42.     By way of example, as shown below, the Infringing Products include every limitation of claim 11 of the '875 Patent – i.e., a cooking grate (A) for use within a cooking chamber (B) with a burner tube (C) having a burner flame region (D). The cooking grate (A) has a plurality of elongated bar members (E) defining a cooking surface and a grease control assembly with a ledge (F) and a ridge (G) on the underside of the grease control assembly that is positioned outward of the outer wall (H) of the burner tube (C) to direct grease away from the burner tube (C).

 

43.     Nexgrill has infringed and continues to infringe at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling the Infringing Products in the United States. The Infringing Products contain each and every element of at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

44.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Nexgrill has knowingly and actively induced infringement of at least claims 1-6, 8, 10, 11, and 13-15, for example, through the foregoing

11

activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent. The direct infringers that are being induced by Nexgrill include, without limitation, Nexgrill's customers or end-users that use the Infringing in the United States.

45. Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Infringing Products in the United States and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Infringing Products, which constitute a material part of the patented inventions of claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent, which Nexgrill knows are especially made or adapted for use in an infringement of at least claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Nexgrill's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

46. Nexgrill's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

47. Weber has complied with 35 U.S.C. § 287 to the extent required by law.

48.     Nexgrill's infringement, contributory infringement, and/or inducement to infringe the '875 Patent has been willful, deliberate, and objectively reckless.

49.     Nexgrill's infringement of the '875 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the '875 Patent, and enjoining Nexgrill from further contributing to and/or inducing infringement of the '875 Patent.

## COUNT IV
## INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,810,484

50.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

51.     Nexgrill has infringed and continues to infringe the '484 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of the Infringing Products throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '484 Patent by others.

52.     By way of example, as shown below, the Infringing Products include every limitation of claim 23 of the '484 Patent – i.e., a grill assembly with a gas burner (A) having a plurality of burner openings (B) located in a cooking chamber (C); a cooking grate (D) having an energy receptor portion (E) with a lower surface (F) positioned directly above the gas burner (A); a plurality of cooking members (G) depending from the energy receptor portion (E) and a plurality of openings (H) between the cooking members (G); none of the openings (H) are directly above the gas burner (A) or in the energy receptor portion (E); the upper surface of the energy receptor

portion (E) has a sloped grease control structure (I) to direct grease through the openings (H) and away from the gas burner (A), wherein preliminary measurements indicate that the grease control structure (I) has a slope of approximately 0.7 degrees; the apex (J) of the grease control structure (I) is located below the cooking surface of the cooking grate (D) and between the cooking members (G); and grease control ridges (K) form a closed loop around the perimeter of the energy receptor portion (E).

 

53.     Nexgrill has infringed and continues to infringe at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling the Infringing Products in the United States. The Infringing Products contain each and every element of at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

54.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Nexgrill has knowingly and actively induced infringement of at least claims 1-7, 9-13, 15, and 17-24, for example, through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing

14

Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent. The direct infringers that are being induced by Nexgrill include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

55. Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Infringing Products in the United States and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Infringing Products, which constitute a material part of the patented inventions of claims 1-7, 9-13, 15, and 17-24 of the '484 Patent, which Nexgrill knows are especially made or adapted for use in an infringement of at least claims 1-7, 9-13, 15, and 17-24 of the '484 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Nexgrill's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

56. Nexgrill's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

57. Weber has complied with 35 U.S.C. § 287 to the extent required by law.

58.     Nexgrill's infringement, contributory infringement, and/or inducement to infringe the '484 Patent has been willful, deliberate, and objectively reckless.

59.     Nexgrill's infringement of the '484 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the '484 Patent, and enjoining Nexgrill from further contributing to and/or inducing infringement of the '484 Patent.

### COUNT V
### INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,762,249

60.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

61.     Nexgrill has infringed and continues to infringe the '249 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of the Infringing Products throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '249 Patent by others.

62.     By way of example, as shown below, the Infringing Products include every limitation of claim 1 of the '249 Patent – i.e., a grill assembly with a firebox having two opposing side walls (A) and a generally arch-shaped bottom (B) situated between the side walls (A); a frame assembly having two frame members (C) located adjacent to the firebox side walls (A); a mounting assembly comprising mounting members (D) that consist of vertical tabs (E) with top ends (F) directly attached to the arch-shaped bottom (B) of the firebox, and bottom ends (G) directly connected to their respective frame members (C) to create a distance between the firebox

16

and the frame assembly to avoid heat damage to the frame assembly; and wherein the mounting assembly creates a fixed spatial relationship between the frame members (C) without the use of cross members (H).



*Isolated Frame Member (C)*        *Infringing Products Without Cross Members (H)*

63.     Nexgrill has infringed and continues to infringe at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling the Infringing Products in the United States. The Infringing Products contain each and every element of at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

17

64.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Nexgrill has knowingly and actively induced infringement of at least claims 1-3, 6, 7, 11, and 20, for example, through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent.  The direct infringers that are being induced by Nexgrill include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

65.     Nexgrill has also indirectly infringed and continues to indirectly infringe at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Infringing Products in the United States and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Infringing Products, which constitute a material part of the patented inventions of claims 1-3, 6, 7, 11, and 20 of the '249 Patent, which Nexgrill knows are especially made or adapted for use in an infringement of at least claims 1-3, 6, 7, 11, and 20 of the '249 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use.  The direct infringers for Nexgrill's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Nexgrill's customers or end-users that use the Infringing Products in the United States.

66.     Nexgrill's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to

18

compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

67.     Weber has complied with 35 U.S.C. § 287 to the extent required by law.

68.     Nexgrill's infringement, contributory infringement, and/or inducement to infringe the '249 Patent has been willful, deliberate, and objectively reckless.

69.     Nexgrill's infringement of the '249 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the '249 Patent, and enjoining Nexgrill from further contributing to and/or inducing infringement of the '249 Patent.

## COUNT VI
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D503,582

70.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

71.     The '582 Patent claims an "ornamental design for an outdoor barbeque grill assembly."

72.     The Infringing Products are outdoor barbeque grill assemblies that infringe the '582 Patent.

73.     Figure 1 of the '582 Patent is shown on the left below, and Nexgrill's Infringing Products are shown on the right below.



| Figure 1 of '582 Patent | Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) |

74.     The Infringing Products have appropriated the ornamental design for an outdoor barbeque grill assembly as shown and described in the '582 Patent. The '582 Patent claims a non-functional ornamental design.

75.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for an outdoor barbeque grill assembly claimed in the '582 Patent and the Infringing Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

76.     Nexgrill has infringed and continues to infringe the ornamental design for an outdoor barbeque grill assembly claimed in the '582 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale, and selling the Infringing Products in the United States.

77.     Nexgrill has also indirectly infringed and continues to indirectly infringe the ornamental design for an outdoor barbeque grill assembly claimed in the '582 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and

use of the Infringing Products in a manner that infringes the '582 Patent. The direct infringers that are being induced by Nexgrill include, without limitation, its retail customers, resellers, and end-users that offer for sale, sell, or use the Infringing Products in the United States.

78. Nexgrill's infringement and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

79. Weber has complied with 35 U.S.C. § 287 to the extent required by law.

80. Weber's infringement and/or inducement to infringe the '582 Patent has been willful, deliberate, and objectively reckless.

81. Nexgrill's infringement of the '582 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '582 Patent, and enjoining Nexgrill from further inducing infringement of the design claimed in the '582 Patent.

**COUNT VII**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D503,586**

82. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

83. The '586 Patent claims an "ornamental design for a frame assembly for a barbeque grill."

84. The Infringing Products are barbeque grills with frame assemblies that infringe the '586 Patent.

85. Figure 1 of the '586 Patent is shown on the left below, and Nexgrill's Infringing Products are shown on the right below.

| Figure 1 of '586 Patent | Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) |
|---|---|
|  | |

86. The Infringing Products have appropriated the ornamental design for a frame assembly for a barbeque grill as shown and described in the '586 Patent. The '586 Patent claims a non-functional ornamental design.

87. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a frame assembly for a barbeque grill claimed in the '586 Patent and the Infringing Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

88. Nexgrill has infringed and continues to infringe the ornamental design for a frame assembly for a barbeque grill claimed in the '586 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale, and selling the Infringing Products in the United States.

22

89.     Nexgrill has also indirectly infringed and continues to indirectly infringe the ornamental design for a frame assembly for a barbeque grill claimed in the '586 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes the '586 Patent.  The direct infringers that are being induced by Nexgrill include, without limitation, its retail customers, resellers, and end-users that offer for sale, sell, or use the Infringing Products in the United States.

90.     Nexgrill's infringement and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

91.     Weber has complied with 35 U.S.C. § 287 to the extent required by law.

92.     Weber's infringement and/or inducement to infringe the '586 Patent has been willful, deliberate, and objectively reckless.

93.     Nexgrill's infringement of the '586 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '586 Patent, and enjoining Nexgrill from further inducing infringement of the design claimed in the '586 Patent.

<u>COUNT VIII</u>
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D503,587**

94.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

95.     The '587 Patent claims an "ornamental design for a hood surface for a barbeque grill."

96.     The Infringing Products are barbeque grills with hood surfaces that infringe the '587 Patent.

97.     Figure 1 of the '587 Patent is shown on the left below, and Nexgrill's Infringing Products are shown on the right below.

| Figure 1 of '587 Patent | Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) |
|---|---|
|  | |

98.     The Infringing Products have appropriated the ornamental design for a hood surface for a barbeque grill as shown and described in the '587 Patent.  The '587 Patent claims a non-functional ornamental design.

99.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a hood surface for a barbeque grill claimed in the

'587 Patent and the Infringing Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

100.    Nexgrill has infringed and continues to infringe the ornamental design for a hood surface for a barbeque grill claimed in the '587 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale, and selling the Infringing Products in the United States.

101.    Nexgrill has also indirectly infringed and continues to indirectly infringe the ornamental design for a hood surface for a barbeque grill claimed in the '587 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes the '587 Patent.  The direct infringers that are being induced by Nexgrill include, without limitation, its retail customers, resellers, and end-users that offer for sale, sell, or use the Infringing Products in the United States.

102.    Nexgrill's infringement and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

103.    Weber has complied with 35 U.S.C. § 287 to the extent required by law.

104.    Weber's infringement and/or inducement to infringe the '587 Patent has been willful, deliberate, and objectively reckless.

105.     Nexgrill's infringement of the '587 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '587 Patent, and enjoining Nexgrill from further inducing infringement of the design claimed in the '587 Patent.

**COUNT IX**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D510,680**

106.     Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

107.     The '680 Patent claims an "ornamental design for a frame assembly for a barbeque grill."

108.     The Infringing Products are barbeque grills with frame assemblies that infringe the '680 Patent.

109.     Figure 1 of the '680 Patent is shown on the left below, and Nexgrill's Infringing Products are shown on the right below.

| Figure 1 of '680 Patent | Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) |
|---|---|
|  | |

110.    The Infringing Products have appropriated the ornamental design for a frame assembly for a barbeque grill as shown and described in the '680 Patent.  The '680 Patent claims a non-functional ornamental design.

111.    In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a frame assembly for a barbeque grill claimed in the '680 Patent and the Infringing Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

112.    Nexgrill has infringed and continues to infringe the ornamental design for a frame assembly for a barbeque grill claimed in the '680 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale, and selling the Infringing Products in the United States.

113.    Nexgrill has also indirectly infringed and continues to indirectly infringe the ornamental design for a frame assembly for a barbeque grill claimed in the '680 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell, and selling the Infringing Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Infringing Products in a manner that infringes the '680 Patent.  The direct infringers that are being induced by Nexgrill include, without limitation, its retail customers, resellers, and end-users that offer for sale, sell, or use the Infringing Products in the United States.

114.    Nexgrill's infringement and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such

infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

115.    Weber has complied with 35 U.S.C. § 287 to the extent required by law.

116.    Weber's infringement and/or inducement to infringe the '680 Patent has been willful, deliberate, and objectively reckless.

117.    Nexgrill's infringement of the '680 Patent has caused irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '680 Patent, and enjoining Nexgrill from further inducing infringement of the design claimed in the '680 Patent.

## PRAYER FOR RELIEF
### COUNTS I-IX

WHEREFORE, Weber respectfully asks this Court to enter judgment against Nexgrill, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, and employees, and all persons in active concert or participation with Nexgrill, granting the following relief:

A.    The entry of judgment in favor of Weber and against Nexgrill;

B.    An award of damages adequate to compensate Weber for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.    Additional remedies for design patent infringement as permitted under 35 U.S.C. § 289;

28

D.      Increased damages as permitted under 35 U.S.C. § 284;

E.      A finding that this case is exceptional and an award to Weber of its reasonable attorney fees and costs as provided by 35 U.S.C. § 285;

F.      A permanent injunction prohibiting further infringement, inducement, and/or contributory infringement of each of the Patents-in-Suit; and

G.      Such other relief that Weber is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

<u>**COUNT X**</u>
**FEDERAL TRADEMARK INFRINGEMENT**

118.    Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

119.    This Court has jurisdiction over the subject matter of this claim for trademark infringement under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 *et seq*.

120.    The activities of Nexgrill complained of herein constitute willful and intentional infringement of the '743 Mark.  Nexgrill's unauthorized use of the '743 Mark on its Infringing Products began years after Weber's registration and continued use of the '743 Mark.

121.    Any product or advertisement bearing the famous and distinctive grill design covered by the '743 Mark is immediately associated by purchasers, potential purchasers, and the public as being sourced, sponsored, or affiliated with Weber.

122.    Long after Weber's adoption and use of the '743 Mark on its Q® grill product line, and long after Weber's federal registration of the '743 Mark, Nexgrill commenced manufacturing, distributing, advertising, selling, and offering for sale in interstate commerce (including in this

judicial district) the Infringing Products depicted below that are confusingly similar to the '743 Mark.

| Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) | Weber Trademark Reg. No. 3,987,743 |
|---|---|
|  | |

123.     Nexgrill's unauthorized and unlicensed use of the Infringing Products, including in connection with the advertising and sale of grills and other cooking accessories, is likely to cause confusion, mistake, and deception as to the origin, affiliation, sponsorship, endorsement, or approval of Nexgrill's grills and other accessories and to impair the distinctiveness of the '743 Mark.  Accordingly, Nexgrill is infringing upon the '743 Mark.

124.     Nexgrill's infringement has been willful and deliberate.

125.     As a result of Nexgrill's intentional infringement of the '743 Mark, the consuming public is likely to be confused as to source, sponsorship, or affiliation between Weber and Nexgrill.

126.     Nexgrill's unlicensed use of the '743 Mark in connection with the sale, offering for sale, distribution, and advertising of the Infringing Products in interstate commerce, without the consent of Weber, has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Nexgrill's Infringing Products are authorized, sponsored, or approved by Weber.

30

127.    Based on Weber's continuous and exclusive use, extensive advertising, sales, and the massive popularity of the Weber Q® grill design, the '743 Mark has acquired secondary meaning.  Any product and advertisement bearing the '743 Mark is immediately associated by purchasers, potential purchasers, and the public as being a product/advertisement of, and affiliated with, Weber.

128.    Weber has been directly injured by Nexgrill's infringing activities.

129.    Nexgrill has copied and imitated the '743 Mark in connection with selling, distributing, and advertising Nexgrill's Infringing Products.

130.    Nexgrill's conduct is intended to exploit the goodwill and reputation associated with the '743 Mark.  Nexgrill's Infringing Products are sold in the same channels of trade to the same consumers as Weber's Q® grill product line.  Weber's '743 Mark is strong and has obtained significant secondary meaning.   There is actual confusion because of Nexgrill's Infringing Products.

131.    Nexgrill's conduct was intentionally designed to create confusion in the marketplace between Weber's and Nexgrill's businesses, and unfairly profit from the '743 Mark.

132.    Nexgrill's unauthorized and unlicensed use of the '743 Mark has resulted in Nexgrill unfairly benefiting from Weber's goodwill, advertising, and promotion, and profiting from Weber's reputation and its registered trademark, to the substantial and irreparable injury of the public, Weber, the '743 Mark, and the substantial goodwill represented thereby.

133.    Nexgrill's aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

134.    Weber has suffered actual damages as a result of Nexgrill's infringement in an amount to be proven at trial.  In addition, Nexgrill's acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Nexgrill will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

135.    Nexgrill's infringement has been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT XI
## FEDERAL TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN

136.    Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

137.    This Court has jurisdiction over the subject matter of this claim for trade dress infringement, unfair competition, and false designation of origin arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(a).

138.    Nexgrill is fully aware of the popularity of Weber's Q® grill product line and the clear association of the Q® grill design with that line of products.

139.    The Weber Q® grill design obtained secondary meaning well prior to Nexgrill's introduction of the Infringing Products.  Nexgrill intentionally copied and offers in interstate commerce grill products that create the same overall visual effect and appearance as Weber's famous Q® grill product line.  Nexgrill's Infringing Products were designed to have the same distinctive overall appearance and look as the Weber Q® grill products and are confusingly similar

32

in total image, appearance, and overall aesthetic look. As a result, the public is, and is likely to be, confused.

140. Images of the Weber Q® grill design and Nexgrill's Infringing Products are shown below.

| Weber Q® Grill | Nexgrill's Fortress 2-Burner Table Top Grill (Model No. 820-0062) |
|---|---|
|  | |

141. Nexgrill has used in commerce, and continue to use in commerce, the Weber Q® grill design to unfairly benefit from Weber's success by selling the Infringing Products bearing the same design in this jurisdiction and throughout the United States.

142. Nexgrill could have selected an alternative aesthetic design and achieved the same functionality as its current Infringing Products.

143. The Weber Q® grill products have a distinctive, non-functional design that the relevant consuming public associates with Weber.

144. Nexgrill has used Weber's Q® grill design on its Infringing Products with the express intent to pass off Nexgrill's Infringing Products as those of Weber and to cause confusion and mislead the purchasing public into believing that Nexgrill's Infringing Products are authorized, sponsored, affiliated with, or associated with Weber, and to trade upon Weber's reputation for

high-quality grill products and to improperly appropriate Weber's valuable goodwill and trade dress rights.

145.    The unauthorized and unlicensed sale of Nexgrill's Infringing Products is likely to cause consumer confusion because of the similarity in appearance and look between Nexgrill's and Weber's products.  Consumers will believe that Nexgrill's Infringing Products are either manufactured, licensed, affiliated with, or sponsored by Weber, or are being placed on the market with Weber's consent and/or actual or implied authority.  As a result, Weber has been and will continue to be irreparably injured by Nexgrill's improper acts.

146.    Nexgrill has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique design and overall product appearance of Weber's Q® grills; and has advertised and sold its Infringing Products so as to cause public confusion and deception for a substantial portion of the people who perceive the advertisements, which confusion and deception is likely to influence purchase decisions.  Further, Nexgrill's sales and offers for sale of its Infringing Products have caused Weber the loss of its valuable goodwill and reputation for making and selling distinctive, unique, and high-quality grill products under the Q® grill design.

147.    Nexgrill's aforesaid acts constitute unfair competition and the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Nexgrill's Infringing Products as that of Weber in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

148.    Weber has expended considerable time, effort, and resources to design, develop, and protect the unique and distinctive appearance of its Q® grill products.  The Q® grill design

34

has been featured prominently in Weber's in-store, on-site, and other advertisements and promotions for its portable grill product line. This unique trade dress has become associated with the success of Weber's Q® grill products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public. As a result, this trade dress has obtained secondary meaning and is a valuable, irreplaceable asset of Weber's business.

149. Since at least 2004, Weber's Q® grill product line has consistently incorporated the following unique, non-functional design features, which individually and in combination and sub-combinations, describe the overall appearance constituting Weber's asserted trade dress in this action: 1) a generally oval-shaped cooking chamber with an upper portion and a lower portion; 2) a horizontal handle located on the upper portion of the cooking chamber; 3) two generally semi-elliptical frames under the lower portion of the cooking chamber, which semi-elliptical frames generally follow the curvature of the lower portion of the cooking chamber; 4) legs projecting downwardly from the semi-elliptical frames; 5) the bases of the legs defining a rectangular shape; and 6) horizontal handles extending between the semi-elliptical frames.

150. Nexgrill's selection and use of a substantially similar look and appearance for its Infringing Products is likely to mislead and confuse the public as to the source, sponsorship, and affiliation of Nexgrill's Infringing Products. Because of the nearly-identical look of Nexgrill's Infringing Products to Weber's non-functional trade dress associated with Weber's Q® grill products, the public is likely to believe that Nexgrill's Infringing Products are in some way affiliated or associated with, or sponsored by, Weber.

151. Weber has suffered actual damages as a result of Nexgrill's trade dress infringement, unfair competition, and false designation of origin in an amount to be proven at trial.

35

In addition, Nexgrill's acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Nexgrill will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

152.    Nexgrill's actions have been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT XII
## FEDERAL TRADEMARK DILUTION

153.    Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

154.    This Court has jurisdiction over the subject matter of this claim for trademark dilution arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(c).

155.    Nexgrill's unauthorized and unlicensed use of the '743 Mark on its Infringing Products constitutes Nexgrill's commercial use in commerce of the '743 Mark.

156.    Based on Weber's extensive sales, marketing, and advertising of the Weber Q® grill design and the '743 Mark, the '743 Mark has become distinctive and famous pursuant to 15 U.S.C. § 1125(c).  As a result, the '743 Mark is recognized by the general consuming public as a designation of the source of Weber's goods and services.

157.    The nearly identical style, look, and overall visual appearance of the Infringing Products, as well as Nexgrill's efforts to pass off its Infringing Products as being made, marketed, sponsored, licensed, or otherwise approved by Weber, are eroding the distinctiveness of the famous '743 Mark.

158.    Nexgrill's use of the '743 Mark began only after the '743 Mark became famous to the general consuming public.

159.    Nexgrill's actions have caused dilution of the '743 Mark by lessening the capacity of the marks to identify and distinguish Weber's portable grills and grilling accessories.

160.    Weber is threatened with injury through this dilution of its trademark rights, as well as immediate and direct injury to its valuable goodwill, name, image, and business reputation.

161.    Nexgrill has willfully intended to trade on Weber's reputation and to cause dilution of the '743 Mark.

162.    Weber has suffered actual damages as a result of Nexgrill's acts of trademark dilution in an amount to be proven at trial.  In addition, Nexgrill's acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Nexgrill will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

163.    Nexgrill's actions have been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT XIII
## FEDERAL TRADE DRESS DILUTION

164.    Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

165.    This Court has jurisdiction over the subject matter of this claim for trade dress dilution arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(c).

37

166.    Nexgrill's unauthorized and unlicensed use of Weber's Q® grill design on its Infringing Products constitutes Nexgrill's commercial use in commerce of Weber's Q® grill design.

167.    Based on Weber's extensive sales, marketing, and advertising of the Weber Q® grill design, the Weber's Q® grill design has become distinctive and famous pursuant to 15 U.S.C. § 1125(c).  As a result, Weber's Q® grill design is recognized by the general consuming public as a designation of the source of Weber's goods and services.

168.    Weber's Q® grill design, taken as a whole, is distinctive, non-functional, and famous separate and apart from the fame of Weber's '743 Mark.

169.    The nearly identical style, look, and overall visual appearance of the Infringing Products, as well as Nexgrill's efforts to pass off its Infringing Products as being made, marketed, sponsored, licensed, or otherwise approved by Weber, are eroding the distinctiveness of Weber's famous Q® grill design.

170.    Nexgrill's use of Weber's Q® grill design began only after Weber's Q® grill design became famous to the general consuming public.

171.    Nexgrill's actions have caused dilution of Weber's Q® grill design by lessening the capacity of the design to identify and distinguish Weber's portable grills and grilling accessories.

172.    Weber is threatened with injury through this dilution of its trade dress rights, as well as immediate and direct injury to its valuable goodwill, name, image, and business reputation.

173.    Nexgrill has willfully intended to trade on Weber's reputation and to cause dilution of Weber's Q® grill design.

174.    Weber has suffered actual damages as a result of Nexgrill's acts of trade dress dilution in an amount to be proven at trial.  In addition, Nexgrill's acts have caused, and will continue to cause, great and irreparable injury to Weber, and unless such acts are restrained by this Court, Nexgrill will continue such acts, thereby causing Weber to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

175.    Nexgrill's actions have been knowing, intentional, wanton, and willful, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

**COUNT XIV**
**STATE STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

176.    Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

177.    This claim arises under the pertinent statutes and common law of this State relating to trademark infringement, unfair competition, and deceptive trade practices.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition and deceptive trade practices joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

178.    Nexgrill's wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding, or deception in the public's mind as to the origin of the parties' products, all in violation of 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and the common law of Illinois. Nexgrill has also been and is engaged in deceptive trade practices within the meaning of the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

179.    Weber is the owner of all right, title, and interest in and to the '743 Mark, trade names, designs, symbols, and logos used by Weber by virtue of its extensive manufacture and sale of products bearing such trade names, trademarks, designs, symbols, and logos (collectively, Weber's "common law trademarks") as set forth in the preceding paragraphs of this Complaint. In particular, because of its enormous sales and publicity, Weber has acquired common law trademark rights in and to its Q® grill product line.

180.    The Infringing Products imported, advertised, distributed, offered for sale, marketed, and/or sold by Nexgrill incorporate matter constituting replicas and imitations of Weber's common law trademarks.  Such unauthorized use by Nexgrill of Weber's common law trademarks constitutes trademark infringement, unfair competition, and deceptive trade practices, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause purchasers or potential purchasers to believe that such products are associated with Weber when, in fact, they are not.

181.    Nexgrill has willfully and intentionally misappropriated one or more of Weber's common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its products and with the intent to palm off its products as those of Weber and to place others in the position to palm off its goods as those of Weber.  Accordingly, Nexgrill has committed trademark infringement, unfair competition, and deceptive trade practices under the common law.

182.    By such actions in infringing Weber's common law trademarks, Nexgrill is improperly trading upon the reputation and goodwill of Weber and impairing Weber's valuable rights in and to such trademarks.

183.    Nexgrill has committed the above alleged acts in conscious disregard of Weber's rights, and Weber is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

184.    Weber has no adequate remedy at law.  Nexgrill's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to Weber's rights in and to its trademarks, and to Weber's business, reputation, and goodwill.

### PRAYER FOR RELIEF
### COUNTS X-XIV

WHEREFORE, Weber respectfully prays for the following relief:

A.    That judgment be entered in favor of Weber and against Nexgrill on each claim made in the Complaint;

B.    That the Court order that Nexgrill, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Nexgrill, be immediately and permanently enjoined from:

1.    directly or indirectly infringing the '743 Mark as described above in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes the '743 Mark, including, without limitation, Nexgrill's Infringing Products, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the '743 Mark and/or the Weber Q® grill design or any other unauthorized

41

goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to the '743 Mark and/or the Weber Q® grill design;

2.   using the '743 Mark and trade dress rights or marks confusingly similar thereto;

3.   engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Nexgrill's customers, and/or members of the public to believe that, the actions of Nexgrill, the products sold by Nexgrill, or Nexgrill itself are connected with Weber, are sponsored, approved, or licensed by Weber, or are in some way connected or affiliated with Weber;

4.   otherwise competing unfairly with Weber in any manner; and/or

5.   diluting and infringing the '743 Mark and Weber's trade dress rights in its Q® grill design, eroding the distinctiveness of the '743 Mark and Weber's trade dress rights in its Q® grill design, and damaging Weber's goodwill, reputation, and business;

C.   That Weber be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Nexgrill's unlawful acts, including Weber's loss of goodwill, loss of past and/or future sales, and damages caused by Nexgrill's acts of trademark and trade dress infringement, unfair competition, false designation of origin, trademark and trade dress dilution, and Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.  That Weber be awarded increased damages based upon the intentional and willful nature of Nexgrill's conduct of the kind complained of herein.  That Weber be awarded

42

all gains, profits, and advantages received by Nexgrill from the sale of its Infringing Products and any other products that infringe upon and/or dilute Weber's trademark and trade dress rights;

D.      That Weber be awarded all additional remedies provided for in 15 U.S.C. § 1117;

E.      That Nexgrill be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody, or control bearing the '743 Mark, the Weber Q® grill design, or any other similar designations;

F.      That Nexgrill be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Weber, correcting all false statements made and all misrepresentations made concerning Weber's '743 Mark and trade dress rights; (b) disclaim any association between Nexgrill and Weber and/or Weber's products; and (c) recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products from its customers;

G.      That Weber be awarded punitive damages for Nexgrill's willful and malicious acts of common law unfair competition and deceptive trade practices; and

H.      That the Court provide Weber with such other and further relief as it deems just and proper, or that Weber may be entitled to under the law, including but not limited to attorney fees, costs, and interest.

## **JURY DEMAND**

Weber demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC

43

200 W. Madison St., Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Weber-Stephen Products LLC

44