IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>NEXGRILL INDUSTRIES, INC.,<br><br>                                Defendant. | Case No. 1:18-cv-05519<br><br>Judge John Robert Blakey<br>Magistrate Judge Jeffrey Cole |

**UPDATED JOINT STATUS REPORT**

Plaintiff Weber-Stephen Products LLC ("Plaintiff" or "Weber") and Defendant Nexgrill Industries, Inc. ("Defendant" or "Nexgrill") submit the following updated Joint Status Report pursuant to this Court's Order of September 21, 2018 (Dkt. #14) and this Court's Standing Order regarding Initial or Reassignment Status Report, as well as Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Local Rules.

**1.**     **Joint Status Report**

This updated Joint Status Report was prepared and filed on behalf of all parties.

**2.**     **Service of Process**

Nexgrill was formally served with the Summons and Complaint on September 7, 2018.

**3.**     **The Nature of the Case**

    **A.**     **Attorneys of Record**

<u>Plaintiff</u>: Raymond P. Niro, Jr. (lead trial attorney, Trial Bar) and Kyle D. Wallenberg (General Bar) of Niro McAndrews.

<u>Defendant</u>: Timothy E. Grochocinski (lead trial attorney, Trial Bar), Joseph P. Oldaker (General Bar), Eric M. Albritton (*pro hac vice*), and Tom Cecil (*pro hac vice*).

1

### B. Basis for Federal Jurisdiction

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a)-(b); 15 U.S.C. § 1121; and 28 U.S.C. § 1367.

### C. Nature of the Claims

<u>Plaintiff's Position</u>

Nexgrill has infringed and continues to infringe Weber's intellectual property rights relating to its Weber Q® grill product line as follows:

#### 1. Plaintiff's Patent Claims

Weber asserts that Nexgrill has infringed the following United States Patents: U.S. Patent No. 6,945,774, entitled "Gas Burner With Flame Stabilization Structure," which issued on September 20, 2005 ("the '774 Patent"); U.S. Patent No. 7,073,429, entitled "Cooking Grate With Grease Control Structures," which issued on July 11, 2006 ("the '429 Patent"); U.S. Patent No. 7,373,875, entitled "Cooking Grate," which issued on May 20, 2008 ("the '875 Patent"); U.S. Patent No. 7,810,484, entitled "Heat Distributing Cooking Grate With Grease Control Structure For A Barbeque Grill," which issued on October 12, 2010 ("the '484 Patent"); U.S. Patent No. 7,762,249, entitled "Barbeque Grill With Frame And Mounting Assembly," which issued on July 27, 2010 ("the '249 Patent"); U.S. Patent No. D503,582, entitled "Outdoor Barbeque Grill Assembly," which issued on April 5, 2005 ("the '582 Patent"); U.S. Patent No. D503,586, entitled "Frame Assembly For A Barbeque Grill," which issued on April 5, 2005 ("the '586 Patent"); U.S. Patent No. D503,587, entitled "Hood Surface For A Barbeque Grill," which issued on April 5, 2005 ("the '587 Patent"); and U.S. Patent No. D510,680, entitled "Frame Assembly For A Barbeque Grill," which issued on October 18, 2005 ("the '680 Patent") (collectively, the "Patents-in-Suit").

Weber believes that Nexgrill has infringed and continues to infringe the Patents-in-Suit through, among other activities, the manufacture, use, sale, importation, and offer for sale of infringing grill products, including but not limited to the Fortress 2-Burner Table Top Grill (Model No. 820-0062) (the "Accused Products"). Specifically, Weber asserts that the Accused Products contain each end every element of at least claims 1, 5, 6, 10, 11, and 15 of the '774 Patent, both literally and under the doctrine of equivalents; claims 1, 2, 5-15, 18, 20-25, 27, and 30-33 of the '429 Patent, both literally and under the doctrine of equivalents; claims 1-6, 8, 10, 11, and 13-15 of the '875 Patent, both literally and under the doctrine of equivalents; claims 1-7, 9-13, 15, and 17-24 of the '484 Patent, both literally and under the doctrine of equivalents; claims 1-3, 6, 7, 11, and 20 of the '249 Patent, both literally and under the doctrine of equivalents; and the Accused Products infringe Weber's design patents at issue – i.e., the Accused Products and the non-functional ornamental designs claimed in the '582 Patent, the '586 Patent, the '587 Patent, and the '680 Patent are substantially the same in the eye of the ordinary observer.

Nexgrill has also infringed the Patents-in-Suit by knowingly and actively inducing others to infringe, and by contributing to the infringement of others. Weber submits that Nexgrill's infringement, contributory infringement, and inducement to infringe the Patents-in-Suit has been willful, deliberate, and objectively reckless.

### 2. Plaintiff's Lanham Act Claims and Related State Law Claims

Weber also asserts that Nexgrill has willfully and deliberately infringed upon USPTO Reg. No. 3,987,743 ("the '743 Trademark") owned by Weber, which '743 Trademark consists of a three-dimensional configuration of a portion of the Weber Q® grill design for "barbeque grills." Specifically, Nexgrill's unlicensed use of the '743 Trademark in connection with the sale, offer for sale, distribution, and advertising of the Accused Products in interstate commerce, without the

consent of Weber, has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Nexgrill's Accused Products are authorized, sponsored, or approved by Weber. Accordingly, Nexgrill is infringing upon and diluting the famous '743 Trademark. The activities of Nexgrill complained of herein also infringe upon and dilute Weber's trade dress rights in its famous Q® grill design – because of the nearly-identical look of Nexgrill's Accused Products to Weber's non-functional trade dress associated with Weber's Q® grill products, the public is likely to believe that Nexgrill's Accused Products are in some way affiliated or associated with, or sponsored by, Weber. Nexgrill's infringing activities also give rise to Weber's claims for Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

**Defendant's Position**

Nexgrill denies that it has infringed any of the asserted patents. Further, based on its investigation to date, Nexgrill believes that each asserted patent is invalid pursuant to at least 35 U.S.C. §§ 102 and/or 103.

Nexgrill denies that it has infringed any of Weber's alleged trademarks or trade dress. Further, Nexgrill denies that Weber's '743 Trademark is properly protectable because it is directed to functional subject matter. Nexgrill denies that any of Weber's purported trade dress is protectable because it is directed to functional subject matter and has not acquired secondary meaning in the marketplace. Nexgrill denies that Weber is entitled to any relief on its dilution claims because Weber is not entitled to relief on its trademark and trade dress claims and any such mark or dress is not famous. Further, for at least the reasons stated above, Weber is not entitled to relief on its Illinois State statutory and common law trademark, unfair competition, and deceptive trade practices claims.

Nexgrill's has not yet filed an answer to the Complaint. Nexgrill's investigation is ongoing and Nexgrill will likely assert additional affirmative defenses and counterclaims in response to the Complaint if and when it files it answer to the Complaint.

### D. Legal and Factual Issues

The principal legal and factual issues with regard to the Patents-in-Suit include construction of the claims, infringement, willfulness, damages, and any defenses raised by Nexgrill. The major legal and factual issues with regard to Weber's Lanham Act claims and related state law claims include infringement and dilution of the '743 Trademark and Weber's trade dress rights in its Q® grill design, willfulness, damages, and any defenses raised by Nexgrill. Nexgrill asserts that venue is improper in this District and that Weber has failed to state a claim on at least four of the counts presented in its Complaint. Since Nexgrill has not yet filed an answer, to the extent Nexgrill files counterclaims in this action and this Court finds that venue is proper in this District, the legal and factual issues associated with Nexgrill's counterclaims will also be at issue in this case.

### E. Type and Calculation of Damages

**Plaintiff's Position**

Weber seeks to enjoin Nexgrill from further infringement of the Patents-in-Suit. Weber also seeks monetary damages adequate to compensate Weber for Nexgrill's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, as well as all available remedies for design patent infringement under 35 U.S.C. § 289. Further, Weber requests increased damages, an award of attorney fees and costs, and prejudgment interest.

Weber also seeks injunctive relief enjoining Nexgrill from further infringement and dilution of the '743 Trademark and Weber's trade dress rights in its Q® grill design. Additionally,

5

Weber seeks disgorgement of Nexgrill's profits under 15 U.S.C. § 1117(a). Weber has also suffered actual damages as a result of Nexgrill's infringement, which has been knowing, intentional, and willful. Weber requests increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

**Defendant's Position**

Nexgrill disagrees that Weber is entitled to any relief. Weber is not entitled to any damages or injunctive relief. Nexgrill should receive its fees and costs incurred in defending this action. Nexgrill will likely seek additional relief if and when it files its answer, affirmative defenses, and counterclaims, if any, in this matter.

**4.     Pending Motions and Case Plan**

   **A.     Pending Motions**

On October 29, 2018, Nexgrill filed a Motion to Dismiss for Improper Venue and Failure to State a Claim ("Motion to Dismiss") (Dkt. #18) and a Motion to Stay Proceedings pending this Court's ruling on the Motion to Dismiss (Dkt. #19).

   **B.     Mandatory Initial Discovery Pilot ("MIDP") Project**

This district's Standing Order regarding the MIDP Project states that patent cases governed by the Local Patent Rules ("LPR") are not subject to the MIDP Project. Because Weber asserts that Nexgrill infringes 9 Patents-in-Suit in this matter (*see* Section 3(C), *supra*), the parties respectfully submit that this case is not subject to the MIDP Project or Standing Order.

   **C.     Proposed Discovery Plan**

The parties expect to request discovery through requests for production, interrogatories, and depositions concerning Nexgrill's infringement of the Patents-in-Suit; Nexgrill's infringement and dilution of the '743 Trademark and Weber's trade dress rights in its Q® grill design;

6

willfulness; damages; and any defenses and counterclaims raised by Nexgrill. Weber's respective proposed Discovery Plan based on the Local Patent Rules is attached as Exhibit A hereto.

As indicated in Nexgrill's pending motion to stay (Dkt. #19), Nexgrill proposes that all deadlines in this matter, including discovery, be stayed pending a resolution of Nexgrill's motion to dismiss for improper venue and failure to state a claim (Dkt. #18). Nexgrill has not yet filed an answer, affirmative defenses, or counterclaims in this matter as the deadline for doing so has not yet come. Beginning the discovery process before the parties' respective claims and defenses have even been stated is premature. Pending a ruling on Nexgrill's motion to dismiss (Dkt. #18), and the filing of responsive pleadings, Nexgrill agrees to the entry of a schedule based on the Local Patent Rules.

The parties submit that there is no need for bifurcated discovery, and that this Court should enter a protective order to be agreed upon by the parties at the onset of discovery.

  **D.** **Trial**

The parties requested a jury trial. Weber anticipates that the trial will take approximately five (5) court days to complete. Nexgrill anticipates that the trial will take approximately ten (10) court days to complete.

**5.** **Consent to Proceed Before a Magistrate Judge**

The parties have considered the advantages of a Magistrate Judge referral, and the parties do not consent to proceed before a Magistrate Judge for the trial of this case.

**6.** **Status of Settlement Discussions**

The parties have generally discussed the topic of settlement. Weber will prepare a settlement proposal to Nexgrill upon receipt of Nexgrill's sales volumes of the Accused Products. Weber has requested this information from Nexgrill so that a settlement offer can be submitted by

Weber.

The parties do not request a settlement conference at this time, but are amenable to a settlement conference as discovery progresses.

**7.    MIDP Checklist**

Not applicable.  (*See* Sections 3(C) and 4(B), *supra*.)

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Raymond P. Niro, Jr.* | */s/ Timothy E. Grochocinski* |
| Raymond P. Niro, Jr. | Timothy E. Grochocinski |
| Kyle D. Wallenberg | Joseph P. Oldaker |
| Niro McAndrews | NELSON BUMGARDNER ALBRITTON PC |
| 200 West Madison Street | 15020 S. Ravinia Avenue, Suite 29 |
| Suite 2040 | Orland Park, Illinois 60462 |
| Chicago, Illinois 60606 | 708-675-1974 |
| Phone: (312) 755-8575 | tim@nbafirm.com |
| Rnirojr@niro-mcandrews.com | joseph@nbafirm.com |
| Kwallenberg@niro-mcandrews.com | |
| | Eric M. Albritton |
| *Attorneys for Plaintiff*, | Thomas C. Cecil |
| Weber-Stephen Products LLC | NELSON BUMGARNDER ALBRITTON PC |
| | 3131 West 7th Street, Suite 300 |
| | Fort Worth, Texas 76107 |
| | P. 817-377-9111 |
| | ema@nbafirm.com |
| | tom@nbafirm.com |
| | |
| | *COUNSEL FOR DEFENDANT* |
| | *NEXGRILL INDUSTRIES, INC.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2018 the foregoing:

**UPDATED JOINT STATUS REPORT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ Raymond P. Niro, Jr.*
*Attorney for Plaintiff,*
Niro McAndrews
